JAMES M. MILLS, *Appellant*, v. ESTATE OF ORSAMUS A. GRANT.

*Homestead.*

Under § 1 ch. 65 Comp. Stat. the exemption of the homestead applies only to the house and the land connected with it, and will not include a distinct and separate parcel not adjoining the house lot.

APPEAL FROM PROBATE. The probate court accepted the report of commissioners, setting out .the dower and homestead. The County Court, Sept. Term, 1862, PECK, J., presiding, *pro forma* affirmed the decree of the probate court,—exceptions by the appellant. The facts are sufficiently stated in the opinion of the court.

*Wing, Lund & Taylor,* for the plaintiff.

*Heaton & Reed,* for the defendant.

KELLOGG, J. The deceased, Orsamus A. Grant, died seized, and possessed of two distinct parcels of land situated in Northfield, one of which was fifty rods distant from the other, and a parcel of land owned by another person was situated between the two. One parcel, upon which was a dwelling-house, out-buildings, and. garden, contained about one and three-fourths acres, and the other contained about twenty and one-fourth acres ; and the deceased, at the time of his death, was occupying the first or smaller parcel for the purposes of a dwelling-house and house lot, and the other .parcel as tillage and woodland in connection with the first parcel. After his decease, his widow claimed in the probate court an assignment of her dower and a homestead out of this property, and that court appointed a committee to set the same out. This committee set out for the homestead the whole of the smaller or house lot parcel and a part of the other parcel. The question which the case presents is, whether the last named parcel, being separate and distinct .from the other, could, in whole or in part, be set out for, or as a part of, the homestead on this claim. If an affirmative answer can be given to this question, the decree of the probate court accepting and establishing the report of the committee should be affirmed, but otherwise it should be vacated.

The statute in force when this homestead right became vested defined a homestead as consisting of " a dwelling-house, out-buildings, and lands appurtenant, occupied as a homestead by a house-keeper, or the head of a family, to the value of five hundred dollars." Comp. St. p. 390, § 1. This exemption of a

Mills *v.* Estate of Grant.

portion of the deceased husband's estate from attachment or the levy of an execution on his debts, for the benefit of his widow and children, should be favored so far as to apply it to all such cases as fall fairly within the equity and spirit of the statute. *True et al.* v. *Estate of Morrill*, 28 Vt. 672. The statute definition of a homestead necessarily implies a house actually used or occupied by the house-keeper as a dwelling-place or home for himself and his family, with a prescribed quantity of land on which the house is situated. It is claimed on the part of the appellee that the expression, " lands appurtenant,". as used in the statute is comprehensive enough to include any lands which were used or carried on by the house-keeper in connection with the home lot, though those lands might be distinct and separate lots or parcels not adjoining or contiguous to the home lot, and that this word " *appurtenant*" is to be taken as used not in its strict legal sense, but in its popular sense. The decisions of the courts of other states can afford but little aid in the construction to be given to our statute, even though upon the same subject matter, when the definitions of the homestead right as given by the statutes of those states are expressed in terms different from. those used in our statute. The word " *lands*" in our statute, being in the plural, would seem to contemplate that more than one parcel of land might be included within the homestead exemption, but this construction would be satisfied by including within the exemption a single compact body of land made up of two or more subdivisions, lots, or inclosures which were contiguous. We must resort to the general purposes of the statute for aid in its construction. The object of the exemption is to create a charge upon specific premises, consisting of a house and land, for the support and maintenance of the wife and family of the house-keeper, not subject to be defeated by his separate conveyance or by attachment or levy of execution on his debts. Although, during his life, it is an imperfect estate or interest, it is, nevertheless, so far as it operates as a restraint upon the alienation of the premises, such an incumbrance upon the title as creditors and purchasers would, be bound to notice. If the land attached to the house is in one compact body, the incumbrance

would apply to the whole of it until the homestead was ascertained or set out in the mode provided by the statute. When the real estate of the house-keeper is levied upon by virtue of an execution, the homestead is, on his election, to be ascertained and set out, and the remainder only is to be set off on the execution, and when the debtor claims that his personal estate, or any part of it, under attachment, is the product of his homestead, it may be ascertained and set out to him by appraisers, and held free from the attachment. Comp. St. p. 390, § 2,—p. 391, § 3. These provisions, as we think, indicate the intention of the legislature to confine the exemption to land which was in a single body, even though composed of separate parcels, and not to extend it so as to include parcels which were distinct and separate, and not adjoining or contiguous to the house lot. Upon any other construction, it is apparent that when a house-keeper was the owner of several distinct and separate parcels of real estate, neither a creditor nor a purchaser would have any means of determining, either from the records or by the actual occupancy, whether any specific parcel except that upon which the house occupied by the house-keeper as a dwelling-place was situated was subject to or free from the exemption. We are of opinion that the purpose of the statute is satisfied by treating the exemption as applying only to the house and the land connected with the house. This construction avoids any confusion which might arise if the house-keeper was the owner of two or more separate and disconnected parcels, and, at the same time, enables any person interested to ascertain whether any particular parcel is subject to or free from the incumbrance of the exemption. In the case of *True et al.* v. *Estate of Morrill, ubi supra,* it was held that neither separate pieces of woodland, from which the owner was accustomed to obtain wood for his own use, nor a piece of land occupied only by a shop, nor a pew in a meeting-house, could be regarded as a part of the homestead within the meaning of the statute; and in the case of *Howe* v. *Adams,* 28 Vt. 541, the homestead is referred to in terms which imply that it must be set out of a single and " connected" parcel of land. We think that this principle is recognized in each of these cases, and

regard it as being a fair and reasonable interpretation of the spirit as well as of the letter of the statute.

The judgment of the county court, affirming *pro forma* the decree of the probate court by which the report of the commissioners setting out the dower and homestead in this case was accepted and established, is reversed, and judgment is rendered that said decree be vacated, and that said report be rejected;— and it is ordered that this judgment be certified to the probate court, so that further proceedings may be had in that court on the claim of the widow for an assignment of her dower and homestead.