**In re Robert F. WHITE and Anna L. White d/b/a Richford Service Center, Debtors.**

**Bankruptcy No. 81–00189.**

United States Bankruptcy Court, D. Vermont.

Feb. 10, 1982.

Douglas J. Wolinsky, Richmond, Vt., trustee, pro se.

Douglas DeVries, St. Albans, Vt., for debtors.

MEMORANDUM AND ORDER

CHARLES J. MARRO, Bankruptcy Judge.

This contested proceeding on the Objection of the Trustee to the claimed homestead exemption of the Debtors came on for hearing, after notice.

From the testimony adduced at the hearing, the records in the case, and the memoranda filed, the following Findings of Fact are made and Conclusions reached.

## FINDINGS OF FACT

The Debtors, Robert F. White and Anna L. White d/b/a Richford Service Center, filed a Voluntary Petition for Relief under the Bankruptcy Act (intended to be Chapter 7 of the Bankruptcy Code) on September 10, 1981. As part of their exemptions they claimed a homestead in a house and lot in Swanton, Vermont pursuant to Title 27, Vermont Statutes Annotated, § 101. This Statute reads as follows:

> "The homestead of a natural person consisting of a dwelling house, outbuildings and the land used in connection therewith, not exceeding $30,000.00 in value, and owned and used or kept by such person as a homestead together with the rents, issues, profits and products thereof, shall. be exempt from attachment and execution except as hereinafter provided."

The Debtors lived at 20 York Street in Swanton, Vermont since 1974. This property consists of a lot with a large house situated thereon comprising 12 rooms on two floors. It has facilities on both floors so that it could be occupied, if necessary, by two separate families. There is also a separate entrance for each family in the event that it is used by two households.

After the purchase of this property by the Debtors in 1974, they occupied the entire house with their daughter. In July of 1980, the Debtors purchased an automobile service center in Richford, Vermont. At the time of this purchase they moved their living quarters to the service center property in Richford with the intention of changing their residence from Swanton, Vermont only in the event that the service station business in Richford was successful. During their stay in Richford, Vermont, they rented the property in Swanton. The service station venture was not successful and during the last part of June or the first part of July, 1981 they moved back to their residence in Swanton, Vermont and occupied the entire house themselves. The upstairs apartment was used and still is being used by them to store personal items. They maintained their mailing address in Swanton, Vermont. They voted in that town and they used their Swanton address to register their motor vehicle. The Debtors have continued to live as a family unit without a tenant in the Swanton, Vermont property since at least the first of July, 1981.

## CONCLUSIONS

Under the Bankruptcy Code a debtor has the right to choose between exemptions allowable under state law or the so-called federal exemptions under § 522(b). In this case the Debtors have opted for the state exemptions and, in particular, their homestead as exempted under 27 V.S.A. § 101.

For interpretation of the nature of state exemption rights in homesteads, resort must be had by the Bankruptcy Court to state law. 3 Collier 15th Edition § 522.23, page 522–61.

■ The applicable Vermont statute specifically provides that the homestead of a natural person consisting of a dwelling house, outbuildings and the land used in connection therewith not exceeding $30,-000.00 in value is exempt from attachment and execution. The critical time for a determination as to whether the debtor is entitled to a homestead exemption is the date on which the Petition was filed. Under § 541(a) of the Code, the commencement of a case creates an estate and at that time the property comprising the estate is to be determined as well as any rights as to the property included in the estate. 4 Collier 15th Edition § 541.04, page 541–21.

■ In the instant case the evidence clearly establishes that on the date when the Petition for Relief was filed; i.e., September 10, 1981, the Debtors were occupying the property in which they claim a homestead interest in Swanton, Vermont as a residence for their family unit and they have continued to use this property as a dwelling house. It is true that while they were living in Richford, Vermont operating the service station they did rent the homestead premises, but this was only on a temporary basis. They never had any intention

of abandoning their homestead permanently. As a matter of fact, they retained Swanton, Vermont as a mailing address. They voted in that town and they gave their address in registering their motor vehicle as Swanton, Vermont. In sum, they established Swanton, Vermont as their domicile with a clear intention of retaining it as such on a permanent basis.

A "domicile" is necessarily more than a mere residence. While a residence may be nothing more than a place of sojourn, a domicile consists of an actual residence coupled with a present intention to remain there. 3 Collier 15th Edition § 522.06 page 522–23.

With the establishment of such a domicile, the Debtors brought themselves clearly within the terms of the homestead exemption statute as consisting of a dwelling house and land used in connection therewith owned and used or kept by them.

In Vermont, a homestead and premises is acquired if they are used or kept for a family home. There must be a present use of the premises or the keeping of them for that purpose with a present right to use them. A homestead cannot be gained by the mere intention to occupy premises at some indefinite future time. *Keyes v. Bump* (1887) 59 Vt. 391, 9 A. 598; *True v. Morrill* (1856) 28 Vt. 672, 73 A.L.R. 131.

It is true that when homestead premises are ceased to be used and kept as such a homestead ceases to exist, regardless of whether another has been acquired.[1] The facts in this case do not establish an abandonment of the homestead premises by the Debtors. To the contrary, they clearly show that the Debtors did have a homestead within the definition of the applicable statute as of the date of the filing of the Petition for Relief and they still are occupying the subject premises as a homestead. Therefore, they are entitled to an exemption of $30,000.00 under 27 V.S.A. § 101.

### ORDER

Upon the foregoing,

IT IS ORDERED as follows:

1. The objection of the Trustee to the homestead exemption is overruled.

2. The exemptions claimed by the Debtors, including the homestead to the value of $30,000.00, as set forth under Schedule B–4 are approved.

---

1. *Cushman v. Davis* (1906) 79 Vt. 111, 64 A. 456, 45 A.L.R. 400.