**In re Ronald L. EVANS and Linda Kiracofe Evans, d/b/a Evans Graphic Design d/b/a Fortunate d/b/a Vt. Physique Productions, Debtors.**

**Bankruptcy No. 84–00149.**

United States Bankruptcy Court, D. Vermont.

May 30, 1985.

David D. Robinson, and Timothy N. Maikoff, Rutland, Vt., for debtors.

Susan J. Crawford, of Smith, Harlow & Liccardi, Rutland, Vt., for Edward Crawford d/b/a Vermont Sampler.

Richard S. Smith, of Smith, Harlow & Liccardi, Rutland, Vt., for Chittenden Bank.

## MEMORANDUM OPINION

CHARLES J. MARRO, Bankruptcy Judge.

The Court had before it for determination the Motion of the Debtors to Avoid Liens impairing their homestead exemption filed October 31, 1984, the Motion of the Debtors for Valuation of Security filed January 28, 1985, and the Complaint of the Debtors to Determine Validity of Liens (Adversary Proceeding #85–0006) filed January 28, 1985. After notice and hearing the Court entered an Order on May 1, 1985 granting the Motion of the Debtors for a Default Judgment against all parties named in their Complaint to Determine Validity of Liens. However, after consideration of a Motion filed by Chittenden Trust Company, the Default Judgment against it was vacated and a continued hearing has been set for determination of the validity of the lien of the Chittenden Trust Company.

There remains for determination by the Court the claimed homestead exemption of the Debtors and the valuation of the real property owned by them and which is subject to certain mortgages.

## BACKGROUND

The Debtors filed their Petition for Relief under Chapter 7 of the Bankruptcy Code on September 11, 1984, and under Schedule B–4 which was subsequently filed, the Debtor, Ronald L. Evans, claims

as exempt a homestead pursuant to 11 U.S.C. § 522 and Title 27 V.S.A. § 101 in the sum of $30,000.00. It is the claim of the Debtor that the homestead exemption attaches to all of the real estate hereinafter described.

## FACTS

The Debtor, Ronald L. Evans, in 1980 purchased two and one-half acres, more or less, of land situated south of the Rutland Airport in East Clarendon, Vermont, adjacent to the Mill River. Of this two and one-half acres, the only usable consisted of about three-fourths to one acre, and upon this portion there are four buildings described as the Colonial house, a stable barn, a storage barn, and a grist mill.

The Debtors occupied the grist mill property as living quarters from the date of purchase until September 28, 1984, which includes the date of filing for relief on September 11, 1984. They used the stable and storage barns for storage, and the Colonial house was rented by them to tenants on the date of the filing of the Petition for Relief.

The fair market value of the entire property is $90,000.00, and a fair allocation of this value is $45,000.00 for the Colonial house premises rented by the Debtors and $45,000.00 for the grist mill premises with stable and storage barns occupied by the Debtors.

The entire property consisting of about two and one-half acres with buildings is subject to a first mortgage held by Ethel B. Sevigny in the principal sum of about $60,000.00 and a second mortgage, which is in dispute, held by the Chittenden Trust Company in the sum of approximately $6,000.00.

On February 22, 1984 the Debtors, through Blair J. Enman, P.E., requested the Agency of Environmental Conservation of the State of Vermont to create a subdivision of the property into two parcels of one acre each, more or less, with the possibility of two homestead exemptions. The State Agency, through Robert W. Black, its assistant district administrator, by letter dated March 22, 1984, notified Enman that, since the subject mill property did not contain living quarters on or before July, 1980, the two structures would not qualify as an "existing subdivision" as outlined in Chapter 3–02–B, Subdivisions, of the Environmental Protection Rules, and that the structure could not meet the "Homestead Exemption" requirements of these rules. Administrator Black concluded that the subject lot failed to meet the subdivision requirements and that the State could not sanction the proposed subdivision of the property.

On March 28, 1985, the trustee, Jerome I. Meyers, Esquire, filed his Report of No Distribution in this case.

## DISCUSSION

In accordance with the foregoing findings, the fair market value of the entire property has been established at $90,000.00 divided into $45,000.00 for the grist mill premises with stable and storage barns occupied by the Debtors and $45,000.00 for the Colonial house premises. This disposes of the Motion of the Debtors for Valuation of Security.

The Debtor, Ronald L. Evans, contends that he is entitled to a homestead exemption of $30,000.00 in the entire property. He argues that the property cannot be subdivided in accordance with the requirements of the Vermont Agency of Environmental Conservation and, therefore, all of the property should remain intact as a homestead. He further contends that the homestead exemption statute entitles him to the rents, issues, proceeds and products as part of the homestead.

The Debtor has claimed the homestead exemption both under 11 U.S.C. § 522 of the Bankruptcy Code and Title 27 V.S.A. § 101. The $30,000.00 homestead exemption is prescribed by state law; i.e., Title 27 V.S.A. § 101.

For interpretation of the nature of state exemption rights in homesteads, resort must be had by the Bankruptcy Court

to state law. See *In Re White* (Bkrtcy.D. Vt.1982) 18 B.R. 95, 96. Generally, state law defines the nature and extent of the debtor's interest in property. *Butner v. United States*, 440 U.S. 48, 54; 99 S.Ct. 914, 917, 59 L.Ed.2d 136; *In Re Abdallah* (Bankr.D.Mass.1984) 39 B.R. 384, 386; *In Re Ford* (Bankr.Md.1980) 3 B.R. 559, aff'd 638 F.2d 14 (4th Cir.1981).

In Vermont the homestead exemption is defined in 27 V.S.A. § 101 as follows:

"The homestead of a natural person consisting of a dwelling house, outbuildings and the land used in connection therewith, not exceeding $30,000.00 in value, and owned and used or kept by such person as a homestead together with the rents, issues, profits and products thereof, shall be exempt from attachment and execution except as hereinafter provided."

The date of the filing of the Petition for Relief which occurred in this case on September 11, 1984 determines the right of the Debtors to a homestead exemption. *In Re White*, supra, at page 95. See also 4 Collier 15th Ed. 541-22 § 541.04. On this date the Debtors were occupying the grist mill premises and using the stable and storage barns for storage. Within the meaning of 27 V.S.A. § 101 the land with these buildings would constitute their homestead. The Colonial house premises were on the same date rented and these should be construed as commercial property.

■ The Court does not accept as sound the argument made by the Debtors that the Colonial house would be included within the homestead exemption since, under the aforesaid statute, the rents, issues, profits and products of the homestead belong to them as part of their homestead exemption. It has been held that one who leaves his homestead with the intention of returning to it after a temporary sojourn elsewhere for a specific purpose retains his homestead exemption during such absence. *West River Bank v. Gale* (1869) 42 Vt. 27, *Whiteman v. Field*, et al., 53 Vt. 554, 556. See also *In Re White*, supra, at page 96. In the event that the owner rented his homestead premises during his temporary sojourn elsewhere he would be entitled to the rents derived from the use of the homestead. The Court so construes the meaning of the language "together with the rents, issues, profits and products thereof" in the aforesaid homestead exemption statute. The word "thereof" modifies "a dwelling house, outbuildings and land used in connection therewith ... owned and used or kept by a person as a homestead. It would, indeed, be an unwarranted expansion of the real meaning of the statute to have rents encompass money received from the use of another building on land adjoining the homestead premises which is not used as a dwelling by the debtor. A homestead is purely statutory and gives no greater right than the statute itself creates. 40 Am.Jur.2d 117 § 3; *In Re Avery* (Bkrtcy.D.Vt.1984) 41 B.R. 224, 225. It signifies the dwelling house in which the family resides, with the usual and customary appurtenances, including outbuildings that are necessary or convenient for family use, and lands that are devoted to the same purpose. 40 Am.Jur.2d 115 § 1.

■ A homestead is intended to preserve a home for the family; to protect the family as a unit whether it consists of a husband and wife or any other natural person. *In Re D'Avignon* (Bkrtcy.D.Vt.1981) 34 B.R. 790, 793, affirmed (U.S. District Court, D.Vt.1982) 34 B.R. 796, 800. The protection of the debtor's family and the purpose of the homestead exemption statute are well served by allowing the Debtor as a homestead exemption the grist mill building, the stable and storage barns with the land upon which they stand and used in connection therewith but exclusive of the Colonial house and the land used therewith and relating to it.

■ The Court recognizes that the leasing of a part of the homestead or of a portion of a building which comprises a part of a homestead does not constitute an abandonment of the homestead rights as to the part leased where the leasing is not intended as an abandonment and the pur-

pose for which it is leased is not inconsistent with the assertion of the right of homestead therein. 40 Am.Jur.2d 171 § 80. However, where the claimant, being the owner of two buildings which are situated on a lot or tract, rents one and resides in the other, it has been held that the rented building cannot be deemed exempt from the claim of creditors. Idem, citing *Kurz v. Brusch,* 13 Iowa 371; *Casselman v. Packard,* 16 Wis. 114.

The Court is not impressed with the Debtor's argument that he is entitled to a homestead exemption in the entire property for the reason that it cannot be subdivided in accordance with the requirements of the Vermont Agency of Environmental Conservation. Subdivision is not crucial to the protection of the homestead exemption of the debtor. The Debtor with his family could have continued to occupy the premises in which they were living when the Petition was filed as a homestead. However, having vacated the premises the Court can still make provision for the allowance of a homestead exemption to the Debtor by permitting the Trustee to sell all of the property and allocating the proceeds after payment of valid liens against the property to the Debtor in satisfaction of that part of the premises constituting the homestead and permitting the Trustee to retain the balance, if any, for the benefit of the unsecured creditors. Such a procedure would be an equitable solution of the existing problem.

The Clerk is directed to enter a Judgment in accordance with this Memorandum.