STATE OF MAINE                                    SUPERIOR COURT
PENOBSCOT, SS.                                    CIVIL ACTION
                                                  DOCKET NO CV-08-100

LAWRENCE DELLAMATTERA
JOANNE DELLAMATTERA,

        Plaintiff,
            v.                      ORDER
JULIE DELLAMATTERA,

        Defendant.



FILED
COURT
OCT 0 7 2008
PENOBSCOT COUNTY

Hearing was held on the defendant's motion to dissolve attachment on October 7, 2008. The plaintiffs were represented by counsel, David Walker, Esq., while the defendant was present and represented by counsel, Joseph Baiungo, Esq.

From representations made at the hearing, the court concludes that in September of 2007, defendant and her husband entered into a land installment sales contract with a third party to sell their residential real estate. Later, defendant and her husband divorced and the plaintiffs, defendant's former in-laws, brought this suit to collect on a promissory note signed by the defendant and her husband that became due upon the sale of the plaintiff's residence in Belfast, Maine. That residence is not yet sold but only subject to the aforementioned contract. In 2008, however, the defendant sold to the person who is buying the residence an adjoining lot of raw land that had formerly been a part of the residential parcel. Because the court had signed an attachment prior to the sale, the parties agreed that the proceeds up to the amount of the attachment, $19,600 would be held in escrow by plaintiff's firm. The total proceeds had been approximately $20,000.

Defendant claims that the attachment should be dissolved because of the homestead exemption found at 14 M.R.S.A. § 4422 indicating that $35,000 in value of a

debtor's residence is exempt from attachment. She also cites In Re MacLeod, Bkrtcy. D. Me. 2003, 295 B.R. 1 for the proposition that the exemption also applies to property owned by the debtor that is contiguous to the residence. In MacLeod, the issue was whether business real estate that comprised the same parcel of land upon which the debtor's mobile home was located was entitled to the exemption. The court decided that it was not, but indicated that if the contiguous land were used in a manner appurtenant to the residential use it could be subject to the exemption. There was no indication that the case involved land described in separate deeds.

This court finds that because the land sold by the defendant was not residential, it is not subject to the exemption. Not only did the parcel not contain a residence, but its relationship with the adjoining residential parcel was severed because the occupant of the residential parcel, the person buying it under the installment contract, was not the owner of the parcel of raw land that generated the disputed proceeds.

Motion to dissolve denied.

The clerk is directed to incorporate this Order into the docket by reference.

Dated: October 7, 2008

WILLIAM ANDERSON
JUSTICE, SUPERIOR COURT

LAWRENCE J DELLAMATTERA ET AL VS JULIE DELLAMATTERA
UTN:AOCSsr  -2008-0040723                    CASE #:BANSC-CV-2008-00100
------------------------------------------------------------------------

| SEQ | TITLE | NAME | | DOB | ATTY |
|-----|-------|------|---|-----|------|
| 001 | PL | LAWRENCE J DELLAMATTERA | by F.D. Walker, Esq. | / / | T |
| 003 | PL | JOANNE DELLAMATTERA | " " " | / / | T |
| 002 | DEF | JULIE DELLAMATTERA | by Joseph Baiungo, Esq | / / | T |