In re Mary Leanne CRUMP and Robert Crump, Debtors.

Bankruptcy Nos. 79–01410–BKC–TCB, 79–01411–BKC–TCB.

United States Bankruptcy Court, S. D. Florida.

Jan. 14, 1980.

Stephen L. Raskin, Miami, Fla., for the debtors.

William R. Roemelmeyer, Trustee.

Arthur S. Weitzner, Miami, Fla., for the Trustee.

## ORDER ON TRUSTEE'S OBJECTION TO CLAIMED EXEMPTIONS

THOMAS C. BRITTON, Bankruptcy Judge.

These are Chapter 7 bankruptcies under the new Code. The cases have been consolidated. The debtors, husband and wife, have claimed that their home, valued at $139,000, is exempt as a homestead under Art. X, § 4 of the Florida Constitution. The trustee has objected to this claim on the ground that:

". . . this is not the residence of the debtors who appear to have abandoned the homestead prior to this petition." (C.P. No. 7)

The trustee has also objected that the personal property claimed to be exempt exceeds the sum allowable, but that objection was abandoned at the hearing before me held on January 9, 1980.

■ The matter is governed procedurally by 11 U.S.C. § 522. The claimed exemption enjoys a presumption of validity and, therefore, the trustee has the burden of challenging the claim and the burden of proof. Section 522(1).

The essential facts are not disputed. The property in question was clearly homestead property until shortly before the filing of these bankruptcy petitions on November 27, 1979. On November 1, the debtors contracted to sell their home for the total price indicated above. At this sales price, there is a possible equity in the property for the owners of $20,000. The reason for uncertainty is that there are substantial federal tax liens and it is not yet clear how much will have to be paid from the closing proceeds for the release of these liens. The debtors estimate a net equity of $20,000.

■ The value and status of exempt property in bankruptcy is determined as of the date the petition is filed. The debtors arranged to retain possession until the day after their bankruptcy petition was filed, at which time they moved into leased premises, which they continue to occupy and for which they have an option to purchase. The debtors have no present source of income nor any immediate prospects and are meeting current living expenses with the help of personal loans from friends.

On the day the petition was filed, the debtors physically occupied the house in question with the plan and intention of leaving that house permanently the following day to reside at least temporarily in a rented house, which they would like to purchase but have no present prospect of being able to purchase.

The Federal exemptions are not applicable here, because Chapter 79–363, Fla.Stat. has specifically vetoed those exemptions in Florida and § 522(b)(1) of the Code gives this option to each State. *Collier on Bankruptcy* (15th ed.) ¶ 522.02, n. 5.

■ The issue here, therefore, is whether the property was an exempt homestead under Florida law. Once property acquires the status of a homestead that status continues until the homestead is abandoned or the owner's estate or interest in the property terminates. 16 Fla.Jur., Homesteads, §§ 70, 77. The question, therefore, is whether contracting to sell the property, coupled with firm plans to physically abandon the premises, constitutes either abandonment or a termination of the debtor's estate.

■ *Beensen v. Burgess,* Fla.App. 1969, 218 So.2d 517 appears dispositive. The owner of the homestead property, in that case, not only contracted to sell the homestead property but also physically vacated the premises three weeks before closing. On these facts, the trial court found that the property remained a homestead "until the sale to plaintiffs was closed". The District Court of Appeal affirmed. That court's holding is the only one to pass upon this particular factual circumstance and ap-

pears completely consistent with the principles governing termination of the homestead status generally recognized in Florida.

It follows that the trustee's objection to the debtors' claim of exemptions for their home is overruled and the exemptions are allowed.