**In re Louis GODINEZ and Mayra Godinez, Debtors.**

**William ROEMELMEYER, Plaintiff,**

v.

**Louis GODINEZ and Mayra Godinez, Defendants.**

**Bankruptcy No. 80–00822–BKC–TCB. Adv. No. 80–0358–BKC–TCB–A.**

United States Bankruptcy Court, S. D. Florida.

March 5, 1981.

forced absence from the home, does not effect an abandonment of homestead rights. 5 A.L.R. 259. I find that the debtors' exemption has been properly claimed and is, therefore, allowed.

Accordingly, the trustee's objection is overruled and this complaint is dismissed.

In re ALL AMERICAN HOLDING
CORPORATION, Debtor.

ELGIN STATE BANK, Plaintiff,

v.

S. Z. BENNETT et al., Defendants.

Bankruptcy No. 80–01278–BKC–TCB.
Adv. No. 80–0382–BKC–TCB–A.

United States Bankruptcy Court,
S. D. Florida.

March 5, 1981.

A. P. Walter, Jr., Coral Gables, Fla., for debtors/defendants.

William Roemelmeyer, Miami, Fla., trustee.

James P. Paul, Miami, Fla., for trustee/plaintiff.

## ORDER OF DISMISSAL

THOMAS C. BRITTON, Bankruptcy Judge.

This matter came before the court on the trustee's complaint to recover assets valued at $815 which were in the debtors' possession at the time the petition was filed and for which no exemption had been claimed. Since the filing of the complaint, the debtors who are husband and wife filed an amendment claiming a $1,000 exemption in personal property under Article 10, Section 4 of the Florida Constitution. The matter was heard on February 26, 1981.

At the hearing, the trustee objected to the claimed exemption on the basis that since the debtor-husband is serving a three year prison sentence in a foreign country, he is not supporting anyone and is, therefore, not entitled to head-of-a-family status for purposes of claiming the exemption. I disagree. Imprisonment, which involves a