**In re John P. McCARTHY, Linda E. McCarthy, Debtors.**

**Bankruptcy No. 81–300–ORL–BK–GP.**

United States Bankruptcy Court,
M. D. Florida,
Orlando Division.

Aug. 24, 1981.

Michael Price, Orlando, Fla., for debtors.

Morton Kosto, Orlando, Fla., for trustee.

## ORDER SUSTAINING TRUSTEE'S OBJECTION TO DEBTORS' CLAIMS OF EXEMPTIONS

GEORGE L. PROCTOR, Bankruptcy Judge.

The debtors filed a voluntary joint petition on April 15, 1981. Prior to the filing of their petition on April 4, 1981, the debtors entered into a contract to sell their house. The closing date for the sale was May 20, 1981. The proceeds of the sale have not been disbursed, pending resolution of the instant objection.

John P. McCarthy has claimed exempt his interest in the real property as homestead under Article X, Section 4, of the Florida Constitution. The Trustee has objected on two grounds. First, he contends that the debtors have abandoned the homestead and have forfeited any right to claim it as exempt. Second, he argues that the proceeds of the sale are property that the debtors acquired within 180 days of the petition as a result of a property settlement agreement in contemplation of divorce and is property of the estate pursuant to § 541(a)(5)(B).

At the hearing on the Trustee's objection, the debtors testified that they were not going to buy another home in Florida but intended to divide the net proceeds of the sale. The reason they sold the house was that they could not make the monthly payments and could rent an apartment for less money. At the time of the meeting of creditors they were living apart and not financially supporting each other, but at the hearing on exemptions were again living together. There are no children by the marriage.

■ It is well settled under Florida law that the homestead status of property is not perpetual and may be deemed abandoned by the debtor's conduct. Property will lose its homestead status upon permanent abandonment as a bona fide home and place of permanent abode. *Murphy v. Farquhar*, 39 Fla. 350, 22 So. 681 (1897). The homestead must be the place of actual residence of the family. *Matthews v. Jeacle*, 61 Fla. 686, 55 So. 865 (1911). The character of property as homestead depends upon an actual intention to reside thereon as a permanent place of residence, coupled with the fact of residence. *Lanier v. Lanier*, 95 Fla. 522, 116 So. 867 (1928). Of course, what constitutes an abandonment or relinquishment of the homestead must be determined from the pertinent facts and circumstances of each case as it arises. *Gulf Refining Co. v. Ankeny*, 102 Fla. 151, 135 So. 521 (Fla. 1931).

The debtors rely on *In re Crump*, 2 B.R. 222 (Bkrtcy.S.D.Fla.1980). There, the debtors contracted prior to the petition to sell their home and consummated the transaction one day after filing. In overruling the trustee's objection to the debtors' claim of homestead exemption, the court held that the trustee's rights fix on the day the petition is filed and on that day the debtors occupied the house as homestead.

The *Crump* case is distinguishable on its facts. There, the debtors moved into leased premises on which they had an option to purchase. Although they had no present ability to make the purchase, they manifested a desire to purchase another home. Here, debtors have testified that they do not intend to buy another house.

■ The Court also questions the legal conclusion in the *Crump* case that the property remained homestead so long as the debtors held title. By ordinary common law principles, the doctrine of equitable

conversion becomes operative upon an agreement to convey realty. The vendee immediately becomes the beneficial owner, and the vendor retains only a naked legal title as security for payment of the purchase price. *Hull v. Maryland Casualty Co.*, 79 So.2d 517 (Fla.1954). Once the contract for sale has been entered, the vendee's interest becomes personalty.[1] *Tingle v. Hornsby*, 111 So.2d 274 (Fla. 1st D.C.A. 1959). Further, although the date of the petition is absolute in fixing certain rights of the Trustee, the Court cannot blind itself to subsequent events, particularly when trying to determine a matter as ephemeral as intent.

The homestead exemption protects the roof over the debtor's head, not personal property or assets which may have once been connected to a homestead. The exemption is for the benefit of the family as a place of actual residence not as a refuge from the law's exactions. *Barlow v. Barlow*, 156 Fla. 458, 23 So.2d 723 (1945). It appears that the debtors have abandoned the homestead. They do not have the intent or the ability to establish a new homestead. Accordingly, the Trustee's objection on this ground is sustained.

The Trustee has failed to sustain his burden of proof that the proceeds are the result of a property settlement agreement or divorce within the meaning of § 541(a)(5)(B). Although it is apparent that the debtors' marriage is less than a paragon of stability, the debtors were married at the time of the petition and are still living together as husband and wife. The Trustee having failed to sustain his burden of proof, his objection on this ground is overruled.

The foregoing discussion shall constitute Findings of Fact and Conclusions of Law as required by Rules 914 and 752.

ORDERED this 24 day of August, 1981, at Jacksonville, Florida.

---

1. Under Florida law, the proceeds from a voluntary sale of a homestead retain their exempt character if the owners intend to reinvest the proceeds in another homestead within a reasonable time. The proceeds may not be comingled with other monies of the vendor and must be kept separate and apart for the sole purpose of acquiring another home. *Orange Brevard Plumbing and Heating Co. v. LaCroix*, 137 So. 201 (Fla.1962). The debtors here cannot come within this exception.