**In re Francisco MONZON, Debtor.**

**Bankruptcy No. 82–00558–BKC–TCB.**

United States Bankruptcy Court,
S.D. Florida.

Jan. 14, 1983.

---

Francisco Monzon, pro se.

Arnold Lieberman, for debtor.

William Roemelmeyer, Trustee.

## ORDER DENYING EXEMPTIONS

THOMAS C. BRITTON, Bankruptcy Judge.

This debtor has claimed exemptions as "the head of a family" under Article X, § 4, Florida Constitution. The trustee has disputed the debtor's status as the head of a family. (C.P. No. 21). The matter was heard on January 12.

█ The issue is the debtor's status when the bankruptcy petition was filed. *In re Crump*, Bkrtcy.S.D.Fla.1980, 2 B.R. 222. The bankruptcy petition was filed at 10:18 a.m. on March 1, 1982. The debtor, admittedly a single man and, therefore, not the head of a family for Florida exemption purposes, was married at a ceremony which took place that afternoon.

Although fractions of a day are generally disregarded in court proceedings, they are scrupulously observed in determining the claims of rival creditors and in related matters pertaining to debtor-creditor relationships. 74 *Am.Jur.2d*, Time § 13. I find, therefore, that the debtor was not the head of a household at the time of bankruptcy. The trustee's objection is sustained and the claim of exemptions is disallowed.

█ The debtor has argued that the trustee's objection was not filed until December 21. Although there is no statutory deadline for objecting to the debtor's claim of exemptions, and although no court rule presently provides such a deadline, it is the practice in this district to incorporate in the Order for Meeting of Creditors the following provision:

"Unless the court extends the time, any objections to the debtors claim of exempt property (Schedule B–4), must be filed within 15 days after the above date set for meeting of creditors."

That provision was incorporated in the order entered in this case. (C.P. No. 4). The time specified by that order in this case expired on May 11, 1982.

The then trustee filed no objection. He was replaced by an Order entered September 22, 1982 by the present trustee, in this and 15 other cases because of the predecessor trustee's inattention to and inability to discharge his responsibilities. (C.P. No. 9). That order was appealed and a stay was sought by the predecessor trustee. The stay was denied on November 8. (C.P. No. 16). It is understandable, therefore, that nearly a month elapsed before the successor trustee was able to determine that a basis existed to challenge this debtor's claim of exemptions.

The deadline imposed in this instance is not jurisdictional. The debtor is in no way prejudiced or disadvantaged because this objection was not filed by May 11, 1982. I therefore extend the deadline for the filing of this objection by overruling the debtor's oral motion to strike the objection as not being timely.