**In re Michael G. CYCYK and Mary Cycyk, Debtors.**

**Bankruptcy No. 583–143.**

United States Bankruptcy Court, N.D. Ohio.

May 13, 1983.

James P. Adlon, Canton, Ohio, for debtor, Michael G. Cycyk.

Kathryn A. Belfance, Akron, Ohio, trustee.

Patricia A. Millhoff, Stow, Ohio, for debtor, Mary Cycyk.

H.F. WHITE, Bankruptcy Judge.

This case is before the Court on the Objection of Kathryn A. Belfance, Trustee, of the within bankruptcy estates, to the homestead exemptions claimed by debtors, Michael G. Cycyk and Mary Cycyk. Said exemptions, asserted pursuant to the authority of Ohio Revised Code Section 2329.-66(A)(1), were set forth in the petition and schedules filed by debtors with this Court on January 28, 1983 at Schedule B–4. Each of said debtors claimed a homestead exemption in the amount of $5,000.00. Subsequent to the filing of said objection on April 4, 1983, the trustee filed a Complaint to sell real estate owned by the debtors.

Trustee objected to the allowance of these exemptions on the grounds that neither party was residing in the premises at the time of the filing of the petition. A letter dated April 11, 1983 was sent to the trustee by Patricia A. Millhoff, attorney for Mrs. Cycyk, wherein it was indicated that said debtor had no objection to the sale of the real estate or the sale of personal property. It was further stated that said debtor had no objection to the homestead exemption being disallowed.

The objection came on for hearing on April 26, 1983 at 11:00 A.M. At that time, Ms. Millhoff, indicated that the letter waiving the homestead exemption had been sent in error while she was absent from the city. Ms. Millhoff did abide by her statement in the letter to the effect that debtor, Mary Cycyk, had no objection to the sale of the real or personal property.

The Court, after hearing testimony and evidence as submitted, does make the following finding of fact and law:

1) Michael G. Cycyk and Mary Cycyk are husband and wife. They are the owners of real property located at 4362 Summit Road, Barberton, Ohio. There is one dependent child born of the marriage.

2) At the time of the filing of the petition in bankruptcy, the husband was residing at 1754 Nichols Road, Akron, Ohio. The wife listed her address at that time as being 4376 Summit Road, Barberton, Ohio, which is the home of her parents next door to the real property owned by debtors.

3) There have been domestic difficulties between the parties. On September 17, 1982 a Motion was filed with the Summit County Common Pleas Court, Domestic Relations Division, which requested that the husband (defendant therein) be ordered to vacate the marital premises and not to return until further order of the Court. On September 20, 1982, an injunction Order was issued by the Honorable Richard V. Zurz enjoining the husband from returning to the marital home which he had vacated. Husband's Exhibits 1 and 2.

4) On November 17, 1982, another Order was issued by Judge Zurz requiring the husband to pay temporary support and alimony in the amount of $90.00 per week commencing October 1, 1982 and to pay the expense of both mortgages on the marital property, insurance premiums and common debts as best as he could. Both parties were ordered to restrain from disposing of any property of the marriage until further Order of the Court. Husband's Exhibit 3. The wife indicated that during this period of time she did move in with her parents as she was afraid of domestic violence. However, on occasions she did sleep in the premises, cook for her child and did the other necessary domestic duties of cleaning and washing clothes on the premises.

5) The husband did not voluntarily leave the premises but because of domestic violence he was ordered by the police of the City of Norton and also the before-mentioned Order of the Domestic Relations Court to vacate the premises.

6) No final decree of divorce has been granted as of the hearing date in this Court.

## ISSUE

Has the trustee shown sufficient evidence to indicate abandonment of the marital residence and deny debtors the homestead exemptions provided for under Ohio Revised Code Section 2329.66(A)(1)?

## LAW

Ohio Revised Code Section 2329.66 provides, in part, that:

(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

(1) The person's interest, not to exceed five thousand dollars, in one parcel or item of real or personal property that the person or a dependent of the person uses as a residence; . . .

Debtors each have claimed the maximum exemption under this subsection as the federal exemption laws are inapplicable in the State of Ohio. Ohio Revised Code Section 2329.662, 11 U.S.C. Section 522(b)(1).

■ Trustee argues that debtors have lost their right to claim this exemption inasmuch as they have vacated the premises. In this respect, abandonment of the homestead property is generally séen as a waiver of the homestead exemption. *In Re Crump,* 2 B.R. 222, 5 B.C.D. 1235 (Bkrtcy.S.D.Fla. 1980) (holding that property had not been abandoned); *In Re McCarthy,* 13 B.R. 389, 7 B.C.D. 1384 (Bkrtcy.M.D.Fla.1981).

Both debtors have vacated the premises. Debtor-husband has so vacated in compliance with an Order of the Domestic Relations Court of Summit County, Ohio and an Order of the police of the City of Norton, Ohio. Debtor-wife has vacated the premises due to her fear of possible domestic violence by debtor-husband against her.

■ As this is an Ohio exemption right, it is Ohio law which must be examined in order to determine if, under the facts, abandonment of the homestead has occurred. In *Jackson v. Reid,* 32 Ohio St. 443 (1877), the Supreme Court held that a temporary absence from the homestead, not intended to be permanent, does not act as an abandonment. It was further stated that an "enforced absence" does not act as an abandonment. And in *William Holmes Co. v. Book,* 1 Ohio Nisi Prius Rep. 58 (Mahoning County Common Pleas Court 1894), the Court held that where a person has abandoned property "by stress of circumstances", then the right to claim a homestead exemption is not lost. And also, "wherever or whenever a man had left his homestead for temporary purposes, he did not abandon or lose the right which he might have had to have a homestead set off." *Id.* at 61.

Both parties here have vacated the property under "stress of circumstances". Debtor, Michael G. Cycyk, has left the premises only to comply with the above-mentioned Orders. His absence is the sort of enforced absence referred to by the Ohio Supreme Court which does not result in the loss of exemption rights.

Debtor, Mary Cycyk, clearly has not permanently vacated the premises. Her sole purpose in vacating was her personal safety and the safety of her young child. Since the time that she left the real property, she has lived next door with her parents. Her intent to return to the marital property is evidenced by the fact that since the time that she originally vacated the property she has returned thereto on occasion to sleep, cook, clean and do the various other household duties necessary to maintain a home. As stated in *William Holmes Co. v. Book, supra.,* where a party evidences only an intent to temporarily vacate the premises, and intends to return thereto at a future date, the homestead exemption is not lost to that person.

■ Exemption statutes, such as that found at Ohio Revised Code Section 2329.66, are to be liberally construed. *In Re Dubrock,* 5 B.R. 353 (Bkrtcy.W.D.Ky.1980). Under a liberal construction of subsection (A)(1) of this statute and in light of the Ohio law discussing abandonment, this Court finds that debtors, Michael G. Cycyk and Mary Cycyk, have not permanently abandoned the real property in question but instead have temporarily quit the same, with the intent of returning thereafter. As such, the Court finds that the homestead exemptions claimed by said debtors are proper and that the objection to said exemptions filed by Trustee, Kathryn A. Belfance, should be denied.