In re James GRINDAL, Patricia Grindal, Debtors.

Bankruptcy No. 182–00374.

United States Bankruptcy Court, D. Maine.

June 6, 1983.

---

Norman S. Heitmann, III, E. Millinocket, Me., for debtor.

Robert Scott Lingley, C.W. & H.M. Hayes, Dover-Foxcroft, Me., for interim trustee.

## MEMORANDUM OF DECISION

JAMES A. GOODMAN, Bankruptcy Judge.

The trustee objects to the debtors' claimed homestead exemption in a house located in Charleston. The parties have submitted the case to the court upon an agreed statement of facts.

The debtors filed their bankruptcy petition on November 30, 1982. Before that date, the debtors had ceased operating their own business in Charleston, and Mr. Grindal had secured employment in East Millinocket. The debtors first consulted an attorney concerning filing in bankruptcy on November 9, 1982, and on November 20 they moved from Charleston to their current address in East Millinocket. This move was prompted by the debtors' desire to avoid commuting expenses, and by the debtors' belief that the loss of their mortgaged Charleston home, either through foreclosure or bankruptcy, was a certainty.

The debtors claim their exemption under Me.Rev.Stat.Ann. tit. 14, § 4422(1) (Supp.1982), which provides an exemption in real or personal property that the debtor (or his dependent) uses as a "residence." The critical time for determining the debtors' entitlement to the exemption is the date the bankruptcy petition is filed (here, ten days *after* the debtors moved to East Millinocket). *See In re Precourt,* Case No. 281–00498 (Bankr.D.Me.1982) (slip op. at 4 n. 5); *In re White,* 18 B.R. 95, 96 (Bkrtcy.D. Vt.1982); *In re Crump,* 2 B.R. 222, 223, 5 B.C.D. 1235, (Bkrtcy.S.D.Fla.1980); *see also In re Roberts,* 22 B.R. 215, 216 (Bkrtcy.D. Me.1982). Thus, the issue to be decided is whether the Charleston property was the debtors' residence on November 30, 1982.

The concept of "residence" is a flexible one, and must be construed in light of the policies underlying the exemption statute. *Cf. In re Washington,* 17 B.R. 52, 53 (Bkrtcy.W.D.Ky.1981) ("the words 'per-

manent residence' may have a variety of meanings depending upon the context in which the term is used."). In general, the purpose of exemption statutes is to secure for the debtor the means to support himself and his family. *In re Breau,* 17 B.R. 697, 699 (Bkrtcy.D.Me.1982). In particular, homestead statutes promote the stability and welfare of the state by encouraging property ownership, and they secure to the householder a home for himself and his family. 40 Am.Jur.2d, Homestead, § 4 (1968). While the homestead exemption should be liberally construed in order to afford all the relief the legislature intended, *In re Snellings,* 10 B.R. 949, 951 (Bkrtcy. W.D.Va.1981), it must not be so broadly construed as to ignore the Maine legislature's clearly expressed intention to favor homeowners over non-homeowners. The legislature chose to "opt out" of the federal exemption scheme,[1] which provided non-homeowners an exemption in other property equal in amount to the homestead exemption,[2] and in its place granted non-homeowners a limited exemption.[3] Thus, it appears that the Maine homestead exemption is intended to help homeowners to maintain that status; but not to provide the debtor funds for other purposes. *Cf. In re McCarthy,* 13 B.R. 389, 391, 7 B.C.D. 1384, 1385 (Bkrtcy.M.D.Fla.1981) (the homestead exemption is "for the benefit of the family as a place of actual residence not as a refuge from the law's exactions....").

■ Given the purposes of the homestead exemption, a finding that the debtors

*actually* occupied the homestead on the filing date is neither necessary nor sufficient to qualify for the exemption. Occupancy may be constructive as well as actual. 3 *Collier on Bankruptcy* ¶ 522.10 (15th ed. 1982). The primary factor is the debtor's intention on the filing date. A debtor who does not actually occupy the homestead on the filing date, but who intends to return when circumstances permit, may qualify for the exemption.[4] *See In re Chalin,* 21 B.R. 885, 887 (Bkrtcy.W.D.La.1982); *cf. In re Godinez,* 10 B.R. 70, 71 (Bkrtcy.S.D.Fla. 1981). Conversely, a debtor who actually occupies the homestead on the filing date, but who intends to sell it and not purchase another home, may not qualify for the exemption.[5] *Cf. In re McCarthy,* 13 B.R. 389, 7 B.C.D. 1384 (Bkrtcy.M.D.Fla.1981).

■ In the case before the court, the debtors were not, on the filing date, actually occupying the Charleston property, having moved to East Millinocket ten days before. The facts show clearly that the debtors' move was meant to be permanent—they moved to be closer to Mr. Grindal's new place of employment while believing that the loss of the Charleston property was a certainty. Nothing before the court indicates that the debtors either intended to return to Charleston or that they have any intention of purchasing another home in East Millinocket. On the evidence before it, the court is compelled to conclude that on the date of filing the debtors had abandoned their Charleston property, and that

1. *See* Me.Rev.Stat.Ann. tit. 14, § 4426 (Supp. 1982); 11 U.S.C. § 522(b)(1).

2. *Compare* 11 U.S.C. § 522(d)(1) *with id.* § 522(d)(5).

3. *Compare* Me.Rev.Stat.Ann. tit. 14, § 4422(1) *with id.* § 4422(16).

4. Similarly, it has been held in some jurisdictions that the homestead exemption extends to proceeds from the sale of the home when the debtor intends to use those proceeds within a reasonable time to purchase another home. *See Field v. Goat,* 70 Okl. 113, 173 P. 364 (1918); *Annot.,* 1 A.L.R. 483 (1919), supp. 46 A.L.R. 814 (1927). Such an interpretation would seem to be consistent with a liberal construction of the homestead exemption, as it

would further the purpose of aiding homeowners in maintaining their *status* as homeowners. Debtors often must sell their homes, perhaps to purchase less expensive homes, perhaps to pursue distant employment opportunities. It seems unlikely that the Maine legislature intended to aid only those homeowners who never move, for such an interpretation would often deny the exemption to those who most need it in order to maintain their homeowner status.

5. In determining the debtors' intentions on the filing date, the court may look to subsequent events as evidence. *In re McCarthy,* 13 B.R. at 391, 7 B.C.D. at 1385.

they do not qualify for the homestead exemption provided by Me.Rev.Stat.Ann. tit. 14, § 4422(1). *See In re Anderson,* Case No. BK–77–427/428 (Bankr.D.Me.1979) (slip op. at 3–4).

Enter order.