**In the Matter of Ardith May HIRSCH, Debtor.**

**Ardith May HIRSCH, Plaintiff,**

v.

**Richard A. MARTENS, Defendant.**

**Adv. No. 83–0241–7.**

United States Bankruptcy Court, W.D. Wisconsin.

Jan. 31, 1984.

Thomas T. George, Madison, Wis., for plaintiff.

George Steven Curry, Kopp, McKichan, Geyer, McKichan, Curry & Geyer, L. James Leitl, Platteville, Wis., for defendant.

## MEMORANDUM DECISION AND ORDER

ROBERT D. MARTIN, Bankruptcy Judge.

This case is to decide whether the debtor Ardith May Hirsch is entitled to claim as an exemption under WIS.STAT. § 815.20 her interest as a tenant in common of a house in which she had not resided for over two years prior to her filing in bankruptcy. At the trial on January 10, 1984, the plaintiff was represented by Attorney Thomas T. George and the defendant by Attorney George S. Curry of Kopp, McKichan, Geyer, McKichan, Curry & Geyer and Attorney L. James Leitl.

The facts in this case are simple but crucial. After a tumultuous twenty-two year marriage arguments between the debtor and her husband became so rancorous in

the first half of 1980 that the debtor moved from the subject premises ("the house") to an apartment. A principal reason for the move was marital discord. The debtor wished to protect her emotional safety which both she and her husband testified was threatened. At the time she left, the debtor hoped for reconciliation and an opportunity to return to the house. Divorce papers were filed shortly after her departure from the house and a divorce hearing was conducted in February of 1981. A divorce judgment based on terms agreed to by the parties was entered March 2, 1981, which provided in pertinent part

[t]hat the respondent, John F. Hirsch, shall be allowed to remain living in the personal residence of the parties rent free until the house is sold. That the respondent shall pay all taxes, mortgage payments, insurance, utilities, repairs and maintenance expenses connected with said house. That the respondent shall be entitled to deduct said taxes and interest payments on his tax returns.

The divorce judgment also provided that the joint tenancy of the parties be severed and that a tenancy in common be created, that upon sale of the house the net proceeds would be split fifty percent to each and that the house not be sold unless both parties agree to sell and agree on the listing price and broker.

John Hirsch lived in the house with the minor children of the couple until about the time it was sold on July 8, 1983. During that time many items of the plaintiff's personal property remained at the house and the plaintiff at all times had a key to the house. The plaintiff returned to the house at various times between her departure in June of 1980 and September of 1982 to pick up needed household goods or furniture, squabble with John Hirsch and assert her continued desire to live in the house. On one occasion, for the purported purpose of establishing her homestead right in the property, John Hirsch relented from his previous refusals to allow the plaintiff to stay overnight. He permitted her to stay in the house for a single night in August or September of 1982.

The debtor filed her bankruptcy petition on September 3, 1982. She claimed her interest in the house as exempt under § 815.20 of the Wisconsin statutes and filed this adversary proceeding to avoid the defendant's lien under 11 U.S.C. § 522(f). Discharge was granted to her on January 20, 1983.

The defendant Richard A. Martens obtained a default judgment in the approximate amount of $1,596.03 which was docketed in Grant County on June 28, 1982. He has since sought to enforce that judgment against escrowed proceeds of sale of the house. It is conceded by all that a successful claim to the homestead exemption by the plaintiff will defeat the defendant's right to the escrowed funds.

 This case is directly controlled by the decision of the United States Circuit Court of Appeals for the Seventh Circuit in *In Re Don Orriel Neis,* 723 F.2d 584, 1983. For the reasons stated in *Neis,* on facts very similar to the present case, the circuit court held that the crucial findings to be made are whether the debtor had an intention to reoccupy the house when she moved out and whether that intention continued until the house was sold. In this case I specifically find that Ardith Hirsch intended to maintain the house as her homestead at the time she left in June of 1980 and, her intention continued up to the time of her bankruptcy and thereafter until the house was sold. As the circuit court noted in *Neis* "[b]ased on relevant Wisconsin precedent, . . . it seems clear that the issues of abandonment and creation of homestead are fact-bound questions based primarily on a determination of the owner's intent." Having determined that the debtor lacked the intention to abandon the subject property as her homestead or create a homestead elsewhere I am compelled to conclude that she is entitled to claim a homestead exemption in the subject premises and that the defendant's judgment lien may not be enforced against the sale proceeds due to her.

Upon the foregoing which constitutes my findings and conclusions in this case, it is hereby

**424**

ORDERED that judgment may be had in favor of the plaintiff and against the defendant according to the demands of the complaint.