Thomas J. Schank, Toledo, Ohio, for debtors.

H. Buswell Roberts, Jr., Toledo, Ohio, Trustee.

**In re Patricia SHINNERS and Michael Shinners, Debtors.**

**Bankruptcy No. 85–01294.**

United States Bankruptcy Court, N.D. Ohio, W.D.

March 25, 1986.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

° This cause comes before the Court upon the Trustee's Objection to the Debtors' Claim of Exemption. The parties have agreed that the issues addressed by this

Objection are primarily issues of law, and that the Court may render a decision on this Objection based upon the written arguments of counsel. The parties have filed such arguments and have had the opportunity to respond to the arguments filed by opposing counsel. The Court has reviewed those arguments as well as the · entire record in this case. Based upon that review and for the following reasons the Court finds that the Objection should be sustained.

## FACTS

The facts in this case do not appear to be in serious dispute. The Debtors in this case are husband and wife. At some time prior to the filing of the Petition, the Debtor-husband acquired a house and the attendant real estate. At the time of that transfer, his was the only name that appeared on the deed as the owner-grantee. The property was later transferred to the Debtors as joint tenants. This property was used by the Debtors as their marital residence.

Prior to the filing of the Petition, the Debtor-wife and the Debtors' two children vacated this property and took up residence at another location. It appears that this separation was motivated by marital discord between the Debtors. It does not appear that at the time the Petition was filed the parties had sought a formalization of their separation in the Domestic Relations Court. The Husband resided in the house at the time the Petition was filed.

On August 21, 1985, the Debtors filed their joint voluntary Chapter 7 Petition with this Court. In the schedules filed with that Petition, the parties listed the real estate in question as property of the estate. They also claimed an exemption in the property in the amount of Ten Thousand and no/100 Dollars ($10,000.00). At the first meeting of creditors the parties testified that despite the fact that the husband continued to reside in the property, the property had been listed for sale. It is unclear when the property was first listed.

The Trustee has objected to the Debtor-wife's claim of exemption in the property. Specifically, he asserts that the wife is not entitled to claim an exemption in the property since she was not residing in the house at the time the petition was filed. The wife contends that she should be allowed to claim the exemption as a result of the fact that her marital discord was sufficient to cause her to involuntarily leave the residence, and that it would be inequitable to require her to forfeit her exemption in favor of her emotional welfare. She also asserts that because a family member was ·still residing in the home at the time the Petition was filed, the fact that she was not actually located in the residence does not disqualify her from claiming her exemption.

## LAW

The provisions of 11 U.S.C. Section 522(b) state in pertinent part:

(b) Notwithstanding section 541 of this title ... an individual debtor may exempt from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection. Such property is—

(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative, ·

(2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition ...

Under these provisions, a debtor may exempt from the estate that property which is set forth in 11 U.S.C. Section 522(d), or, where state law precludes the use of 11 U.S.C. Section 522(d), any property which is exempt under state law.

In Ohio, debtors under Title 11 are precluded from asserting the exemptions available under 11 U.S.C. Section 522(d). *See*, Ohio Revised Code Section 2329.662. Rather, debtors that reside in Ohio are

required to assert their exemptions pursuant to Ohio Revised Code Section 2329.66. This provision states in pertinent part:

(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

(1) The person's interest, not to exceed five thousand dollars, in one parcel or item of real or personal property that the person or a dependent of the person uses as a residence.

Under this provision a debtor is only entitled to claim an exemption for their interest in real estate if they or their dependent occupy the residence as their principle dwelling. *See generally, In re Grindal*, 30 B.R. 651 (Bkcy.D Me.1983). Although actual occupancy in not necessarily required, *see, In re Thomas*, 27 B.R. 367 (Bkcy.S.D. N.Y.1983), *In re Cameron*, 25 B.R. 119 (Bkcy.N.D.Ohio 1982), it is well established that where a debtor leaves a residence, he must retain an active intent to return to the property in order to be entitled to the exemption. *Matter of Neis*, 723 F.2d 584 (7th Cir.1983), *Hirsch v. Martens (Matter of Hirsch)*, 36 B.R. 422 (Bkcy.W.D.Wis.1984), *In re Cameron*, supra.

■ In the present case, the parties have agreed that the wife did not reside in the house at the time the Petition was filed. They have also testified that they intended to sell the property at some time in the near future. This intent, when coupled with the fact that the parties have not expressed any interest in reconciling their differences, strongly suggests that the wife had no intent to reoccupy the property. Similarly, there has been no independent expression of the wife's intent to return to the home. Since residence in the property, or an intent to return to an abandoned property, is a prerequisite to the exercise of an exemption in real estate, it must be concluded that in the absence of mitigating circumstances, the wife is not entitled to the claimed exemption.

In an attempt to demonstrate mitigating factors, the wife has argued that the marital discord which existed at the time of her departure effectively denied her any options in her choice of residence. In making this assertion, the wife relies on *In re Thomas*, supra. Although this Court has recognized that there are circumstances under which the "actual occupancy" requirement should not be enforced, *see, In re Cameron*, supra, the evidence in the present case does not reflect the degree of discord set forth in *Thomas*, and is insufficient so as to justify a diversion from the "actual occupancy" standard.

■ The wife has also argued that because no divorce had been sought prior to the filing of the Petition, the fact that her husband remained a resident of the house entitles her to the exemption. This argument is founded on the provisions of 11 U.S.C. Section 522(a) which state in pertinent part:

(a) In this section—

(1) "dependent" includes spouse, whether or not actually dependent ...

The wife argues that because this section does not require the husband to be dependent upon her in order that he qualify as a dependent, he may be considered as her dependent for exemption purposes. In that event, his occupancy of the residence would appear to qualify her for the exemption under Ohio Revised Code Section 2329.66. While this argument appears to have merit, the Court notes that the initial language Section 522(a) limits the asserted definition of "dependent" to Section 522. It does not appear to contemplate that the definition will be employed in the interpretation of state exemption statutes. This is made especially apparent in view of the fact that states were permitted to "opt-out" of the federal exemption scheme. Accordingly, it must be concluded that this argument is without merit.

In reaching these conclusions, the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

It is ORDERED that the Trustee's Objection to the Debtor's Claim of Exemption be, and is hereby, SUSTAINED.

It is FURTHER ORDERED that the Debtor-wife's claim of exemption in the real estate be, and is hereby, DENIED.