**In the Matter of Louis Angel PAGAN, aka Louis A. Pagan, Debtor.**

**Bankruptcy No. B85–00817–Y.**

United States Bankruptcy Court, N.D. Ohio.

May 23, 1986.

Louis Angel Pagan, Austintown, Ohio, debtor.

Donn D. Rosenblum, UAW–GM Legal Services Plan, Youngstown, Ohio, for debtor.

Richard G. Zellers, Youngstown, Ohio, trustee.

## MEMORANDUM OPINION

WILLIAM T. BODOH, Bankruptcy Judge.

This matter is before the Court on the Motion of Debtor, LOUIS ANGEL PAGAN, for enforcement of the homestead exemption claimed in his Schedules in the above-captioned Chapter 7 proceeding. A hearing was held on February 27, 1986, at which time Debtor, Debtor's counsel and the Trustee appeared. The parties have agreed to submit the matter to the Court for a determination of whether Debtor is entitled to claim a homestead exemption under the facts of this case.

From the pleadings, affidavits and representations of counsel for Debtor and the Trustee, the Court makes the following findings of fact:

1. On September 6, 1985, Debtor filed a Petition for Relief under Chapter 7 of the Bankruptcy Code. The Petition listed Debtor's address as 25 Whitman Lane, Youngstown, Ohio. Debtor's Schedules stated a claim of a Five Thousand Dollar ($5,000.00) exemption in the Whitman Lane property, pursuant to Ohio Revised Code, Section 2329.66(A)(1).

2. A first meeting of creditors, pursuant to 11 U.S.C. Section 341, was held on October 19, 1985, at which meeting Debtor was examined by the Trustee. When Debtor was questioned about his residence, he stated that he had changed his residence in August, 1985, from the Whitman Lane property to an apartment located on New Road in Austintown, Ohio. The Trustee and Debtor's prior counsel agreed at the first meeting of creditors that Debtor was not entitled to claim a homestead exemption in the Whitman Lane property, based upon those facts.

3. On November 20, 1985, Debtor's present counsel filed a Notice of Substitute Counsel of Record. On that same day, counsel for Debtor filed a "Motion to Clarify the Record." Attached to the Motion is an affidavit wherein Debtor states:

With a September 1, 1985 wedding planned, my wife-to-be and I were looking for a suitable residence. When we found the residence on New Road in August, we wanted the management to hold the apartment until September, and he would not. So, we had no choice but to pay for the apartment from August. My wife-to-be and I maintained our old residence until after our September 1, 1985 wedding. On September 10 (I believe), we finished moving our belongings into the New Road residence and began living there.

4. On January 13, 1986, the Trustee filed a Complaint to Sell Debtor's one-half interest in the Whitman Lane property to Debtor's ex-wife for the sum of Three Thousand, Ninety-Five & 00/100 Dollars ($3,095.00). The negotiations which gave rise to this offer of sale were not disclosed to the Court.

5. Pursuant to the parties' separation agreement, which was incorporated into the state court Dissolution Decree dated November 19, 1984, the Whitman Lane property was to be sold as soon as possible after the dissolution. Under that Decree, Debtor's ex-wife was to have possession of the property until it was sold, or until she remarried or passed away, with the parties remaining equally responsible on the mortgage indebtedness. It further provided that if Debtor's ex-wife remarried before the property was sold, the premises were to be rented until such time as a sale could be negotiated. At the time of the dissolution in 1984, Debtor's ex-wife was residing at the Whitman Lane property with the parties' two children. Debtor was not residing there. At an undisclosed date, Debtor's ex-wife moved from the property to a home on Oak Trace in Austintown, Ohio. We have not been told when Debtor moved into the Whitman Lane property, but Debtor claims he was living there on September 6, 1985, when his Petition was filed in this Court.

6. On February 5, 1986, Debtor filed the instant Motion for the enforcement of his homestead exemption, praying that the proceeds from the sale of his interest in the Whitman Lane property be turned over to him, pursuant to 11 U.S.C. Section 522 and Ohio Revised Code, Section 2329.66(A)(1).

7. On February 20, 1986, the Court entered an Order of Sale of Debtor's interest on the real estate. The Trustee is holding the funds, pending the Court's determination of this Motion.

The issue presented herein is whether intent to occupy the premises in question as a home in the indefinite future is a necessary element in establishing an allowable homestead exemption.

Counsel for Debtor argues that subjective intent to remain in the premises should play no part in the establishment of an allowable homestead exemption when a debtor is actually living in the premises claimed to be a homestead on the date of filing. To support this proposition, counsel cites the language of O.R.C. Sec. 2329.-66(A)(1), which provides that a debtor is entitled to an exemption in property which the Debtor "uses as a residence." Counsel for Debtor argues that a debtor's intent should be considered only when a debtor is not living in the premises claimed as a homestead on the date of filing and the debtor is trying to establish constructive possession.[1]

■ We are without guidance from the Ohio courts on the specific issue of whether intent to occupy premises in the future is a necessary element for establishing an allowable homestead exemption. However, given the historical background of the homestead exemption in Ohio, it seems to us that a necessary element to the factual establishment of a "homestead" under Ohio law is the intent to make the premises a more permanent home than for just long enough to file a petition and claim the exemption.

The original Ohio homestead exemption, a creature of statute and not of common law, was enacted more for the benefit of a debtor's family, rather than for the debtor himself, and in part, for the protection of the public which might otherwise be burdened with the support of an insolvent debtor's family. *Sears v. Hanks,* 14 Ohio St. 298 (1863). Its purpose was to provide a home for the family of an insolvent debtor free from the claims of creditors. In keeping with this humane purpose, the homestead exemption was available only to heads of families and certain other individuals charged with the support of dependents. Also in keeping with its sole purpose

---

1. See *In re Cycyk,* 29 B.R. 722 (Bankr.N.D. Ohio 1983); *In re Cameron,* 25 B.R. 119 (Bankr.N.D. Ohio 1982); and *In re Cottingim,* 7 B.R. 56 (Bankr.S.D.Ohio 1980), wherein the courts have held that where a debtor is not living in the premises on the date of filing, a homestead exemption can nonetheless be claimed if the debtor demonstrates a present intention to occupy the premises as a homestead at some definite future time.

to provide a home to families of insolvent debtors, the homestead exemption statutes provided that a homestead was exempt only from sale. Thus, the homestead exemption under the prior statute was construed by the Courts as a conditional right. That is, as long as a debtor and his family used the property as a home, the property was set off to the debtor and could not be sold, but once the debtor vacated or abandoned the property with no intent to return to it as a home, the property could be sold and the proceeds used to pay the claims of creditors. *Morgridge v. Converse*, 150 Ohio St. 239, 81 N.E.2d 112 (1948).

Under the prior statutes, the subjective intent of the Debtor played an integral part in the determination of whether he or she was entitled to hold a homestead free from the claims of creditors. A debtor who was entitled to the homestead exemption could convey the exempt property and could reinvest the proceeds of the homestead in another home and hold it exempt from the claims of his creditors. *In re Breckenhaupt*, 29 O.N.P.N.S. 7 (1918); *Stewart v. Boyd*, 6 Ohio Dec. 973 (1880). However, if a debtor sold the exempt property and did not show an intent to use the proceeds to purchase another homestead, the conveyance could be set aside and the property sold to satisfy the claims of creditors. *McComb v. Thompson*, 42 Ohio St. 139 (1884). Conversely, if the property was sold to satisfy a mortgage lien while at all times the Debtor indicated an intent to hold the premises as a homestead if he could, the Debtor was entitled to the surplus proceeds upon sale. *Jackson v. Reid*, 32 Ohio St. 448 (1877). We think that the subjective intent of the Debtor plays a similar role under the current statute.

The present Ohio homestead exemption is found in O.R.C. Sec. 2329.66(A)(1). That Section provides:

(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order as follows:

(1) the person's interests, not to exceed $5,000.00 in one parcel or item of real or personal property that the person or dependent of the person uses as a residence....

Despite the changes in the wording of the Ohio homestead exemption statute, there is no reason to believe that the purposes and policies behind the homestead exemption have changed. Thus, although the "head of family" requirement has been abandoned, and although the Debtor is now granted an absolute right to Five Thousand Dollars ($5,000.00) of equity in property which he or she "uses as a residence," we must conclude that the current statute was enacted for the protection of a debtor who has built equity in a home and who, without the benefit derived from the exemption, would be without adequate means of maintaining a home for himself. If a debtor does not intend to hold certain premises as a home in the future, we do not believe that he falls within the category of persons which the exemption statute is designed to benefit, absent some showing to the contrary. As has been stated by the Ohio Supreme Court in the case of *Gibson v. Mundell*, 29 Ohio St. 523, 529 (1876), we are not

... unmindful of the fact, that the laws exempting a family homestead and other property from forced sale to pay the debts of an improvident debtor, originated in a salutary and humane policy, and that they should receive such construction as will accord with the beneficient object of their enactment. But, the language of the statute being clear, we are not at liberty to enlarge its import, or strain its meaning, in order to bring within its operation, a case clearly without its provisions.

We hold that where, as here, a debtor is living in a residence on the date of filing a bankruptcy petition, having prior to filing procured another residence, and where the debtor states or exhibits a specific intention to vacate the premises promptly after filing and then does so vacate, those premises do not constitute a

200

"homestead" under Ohio law, absent a factual showing to the contrary. Debtor in this case has not made such a factual showing and is not entitled to claim a homestead exemption under O.R.C. Sec. 2329.66(A)(1).

An appropriate Order shall issue.