**In re Edward John WINTER, Jr., Debtor.**

**Bankruptcy No. 88–1052–8P7.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Sept. 2, 1988.

Edward John Winter, Jr., pro se.

Buddy Ford, St. Petersburg, Fla., trustee.

Keane, Hayes & Reese, P.A., St. Petersburg, Fla., for trustee.

Peter A. Cohen, Peter A. Cohen, P.A., Miami, Fla., for Virgil Pollock.

## ORDER ON OBJECTION TO CLAIM OF EXEMPTIONS

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case and the matter under consideration is the Debtor's right to claim as exempt a certain residence located in Miami, Dade County, Florida, as homestead pursuant to Article X, Section 4 of the Florida Constitution. The exemption claim of the Debtor is challenged by the Trustee who contends that the property involved does not qualify as homestead, therefore, is not subject to exemption because it is not the actual residence of the Debtor.

In support of the Objection to the exemption claim, the Trustee requests that this Court take judicial notice of the Petition for Relief filed by the Debtor and certain testimony of the Debtor given under oath at the time he was examined at the meeting of creditors called pursuant to § 341 of the Bankruptcy Code.

The following facts as they appear from the record and which are relevant to the matter under consideration are as follows:

The Debtor who is an attorney, albeit no longer practicing as such, filed his voluntary petition on February 29, 1988. In his petition, the Debtor stated under penalty of perjury that he resided for 180 days or for a longer portion of the preceding 180 days at 504 Sixteenth Avenue, West Palmetto, Florida. At the time the Debtor was examined at the § 341 meeting under oath, in response to the question "How long have you lived at 504 Sixteenth Avenue, West Palmetto, Florida?" the Debtor responded, "Approximately seven months."

In support of his contention that his residence was in Miami, Dade County, contrary to what he stated in his Petition and at the meeting of creditors, the Debtor now claims that his residence is in fact in Miami, and that he stayed in Palmetto only on the advice of his doctors who indicated that because of an alleged severe heart condition, he should not be traveling to Miami. Although there is no direct evidence on his state of health, it appears that the Debtor has undergone an angioplasty in Miami, which is a diagnostic tool to determine suspected heart disease. There is no evidence, however, that the Debtor was hospitalized during his stay in Palmetto or even treated by a doctor. Moreover, the Debtor admitted that he traveled while he maintained his residence in Miami, and he did not understand the questions he was asked at the § 341 meeting and that he assumed the term "Have you *lived....?*" simply meant a temporary stay. In addition, the Debtor now contends that when he stated on his Petition that he resided at 504 Sixteenth Avenue, West Palmetto, Florida, within this district for the preceding 180 days, he misunderstood the question.

Based on this record, it is the contention of the Trustee relying on the case of *In re McCarthy*, 13 B.R. 389 (Bkrtcy.M.D.Fla. 1981) that under Florida law the homestead

must be the actual place of residence of the family and the character of property as homestead depends upon an actual intent to reside there as a permanent place of residence, coupled with the fact of actual residence. *Id., citing, Lanier v. Lanier,* 95 Fla. 522, 116 So. 867 (1928)

There is evidence in this record that the property involved in this controversy was in fact at least at one time the residence of the Debtor, thus ordinarily would be exempt from a claim of creditors as homestead pursuant to Article X, Section 4 of the Florida Constitution. It is intimated by the Trustee's objection, although not very well articulated, that while the property may have been the homestead at one time, it has been effectively abandoned by the Debtor and his actual residence is, in fact, in Palmetto, Florida as stated on his Petition and as stated by him when he was examined at the § 341 meeting. Unfortunately, however, there is no evidence in this record to show that the Debtor did, or ever intended in fact to abandon the Miami property as his homestead and relocate with presumed intentions to reside in Palmetto, Florida. The only evidence on this point is that the Debtor now resides on the property in Miami and the property in Palmetto, Florida is a property owned by his parents, who reside on the property.

It should be noted that similar facts were involved in the case of *Monson v. First National Bank of Bradenton,* 497 F.2d 135 (5th Cir.1974). In *Monson,* the Debtors, husband and wife, resided in Bradenton, Florida, but because of domestic difficulties, they separated. Mrs. Monson moved to Bowling Greene, Kentucky, obtained a position of employment, enrolled in a junior college, obtained a loan from a Kentucky bank and placed her child in the public schools of Kentucky. Mr. Monson obtained a position as a traveling salesman and had not been physically present in the former home in Bradenton at any time prior to the filing of the voluntary petition for bankruptcy. Under the initial objection to the claim of exemption, this Court concluded that the Monsons effectively abandoned the homestead and no longer maintained actual residence in the state of Flor-

ida, thus the property in Bradenton did not qualify for homestead exemption. On appeal to the District Court, this Court's decision was affirmed. On appeal to the Fifth Circuit, 497 F.2d 135, the Court of Appeals reversed the District Court and concluded that the record failed to sustain the proposition that the Monson's effectively abandoned the homestead as they always had the intention and desire to move back to the home and re-establish themselves as residents in Manatee County, Florida, on the property as soon as their financial problems were resolved.

In the present instance, as noted earlier, the Debtor in fact currently resides on the property located in Dade County, Florida. While it is true that for a short time his wife also joined him in Palmetto, the property in Palmetto is not owned by him as far as it appears from this record, but by his parents, thus he clearly cannot claim the same as his homestead. While it is true that the Debtor, who had legal training, stated under oath twice that he resided in Palmetto, this does not necessarily support the proposition that he in fact intended and did in fact abandon his residence in Miami. Based on the foregoing, this Court is satisfied that the Trustee's Objection to claim of exemption should be overruled and the property located in Date County, Florida should be deemed to be the Debtor's homestead; thus, exempt pursuant to Article X, Section 4 of the Florida Constitution and not subject to administration.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Objection to Claim of Exemption be, and the same is hereby, overruled. It is further

ORDERED, ADJUDGED AND DECREED that the Debtor is hereby entitled to claim as exempt the property owned by him in Miami, Dade County, Florida.