**In re Mark E. GARLAND, Debtor.**

**Bankruptcy No. 2–88–03551.**

United States Bankruptcy Court,
S.D. Ohio, E.D.

Jan. 26, 1989.

John B. Mashburn, Groveport, Ohio, for debtor.

Sara J. Daneman, Columbus, Ohio, trustee.

## OPINION AND ORDER ON OBJECTION TO CLAIM OF EXEMPTION

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court upon the objection of Sara Daneman, the duly-appointed trustee in bankruptcy ("Trustee") to a claim of exemption asserted by the debtor, Mark E. Garland. The opposed exemption relates to a partial interest in certain real property claimed by the debtor as a homestead exemption. The Trustee's objection was opposed by the debtor and was heard by the Court.

This Court has jurisdiction in this contested matter under 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) in which this bankruptcy judge may enter a final order.

## FINDINGS OF FACT

The facts of this matter are basically uncontested. The debtor filed a case under the provisions of Chapter 7 of the Bankruptcy Code on July 14, 1988. His bankruptcy schedules indicated ownership of a one-half interest in real estate located on Conbrook Court in Galloway, Ohio (the "Property"). Later events demonstrated, however, that the debtor's interest in the Property was more accurately described as a one-third ownership interest. The debtor further asserted a claim of exemption for his interest in the Property in the amount of Five Thousand Dollars ($5,000) pursuant to Ohio Revised Code § 2329.66(A)(1).

On the date his bankruptcy was filed, the debtor did not reside in the Property and had not resided there since April 15, 1988. Furthermore, the debtor stated that he had no intention to return to that address as he had filed for divorce on April 22, 1988. However, his spouse and three minor children lived in the Property on July 14, 1988 when the homestead exemption was claimed.

Between April 15, 1988 and July 14, 1988 the Property was listed for sale by the debtor's spouse. The debtor, his spouse and his spouse's mother, as the owners of the Property, executed a contract for the sale of the Property on or about August 4, 1988 and that sale was finalized on September 30, 1988, after the Trustee had assumed the debtor's interest. The proceeds from the sale were not used to purchase

another residence. At the time of the hearing, the debtor did not know the whereabouts of his spouse or children except that he knew that they had left the state of Ohio.

## ISSUES OF LAW

The issue before the Court is whether the intent of a debtor or his dependents to continue to reside in real property as a residence is a prerequisite for claiming a homestead exemption pursuant to Ohio Revised Code § 2329.66(A)(1) or whether physical presence in the real property, without such intent, is sufficient to permit the debtor's interest in the property to be exempt from the claims of his creditors.

Ohio has opted out of the federal exemption scheme pursuant to 11 U.S.C. § 522(b). Therefore, Ohio bankruptcy debtors look to state law for exemption claims.

## CONCLUSIONS OF LAW

Section 2329.66(A)(1) of the Ohio Revised Code provides a limited exemption from attachment by a judicial lien creditor, such as a trustee in bankruptcy, for a debtor's interest in homestead property. The governing statute states:

(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment or sale to satisfy a judgment or order as follows:

(1) the person's interest not to exceed $5,000 in one parcel or item of real or personal property that the person or dependent of the person uses as a residence

. . .

Ohio Rev. Code § 2329.66(A)(1).

The statute, on its face, allows for a homestead exemption not only if the debtor resides in the residence in question, but also if any of his dependents reside in the property for which the exemption is asserted. On its face the statute does not require specific intent. Consideration of the historical origin of the homestead exemption in Ohio and examination of other judicial interpretations of the statutory provision, however, convince this Court that specific intent to remain in the Property is

required for allowance of a homestead exemption.

▮ The homestead exemption in Ohio was designed to provide a home for the family of an insolvent debtor which was protected from the claims of creditors. *Sears v. Hanks*, 14 Ohio St. 298 (1863). The benefit was for the family. *Sears* at 301. However, in determining whether a debtor was entitled to a homestead exemption, the subjective intent of the debtor was critical. For instance, if a debtor sold exempt property and had no intent to use the proceeds to purchase another homestead, the exemption was disallowed and the proceeds frm the sale of the property were available to satisfy the claims of creditors. *McComb v. Thompson*, 42 Ohio St. 139 (1884).

Similarly, intent is important in determining whether an exemption will be allowed pursuant to Ohio Revised Code § 2329.66(A)(1). Specifically, a debtor who is living in a residence on the date of filing a bankruptcy petition, having prior to filing procured another residence, will be disallowed a homestead exemption under Ohio Revised Code § 2329.66(A)(1) when the debtor states or exhibits an intent to vacate the premises promptly after filing and then does, in fact, vacate without purchasing another residence. *Matter of Pagan*, 66 B.R. 196 (Bankr.N.D.Ohio 1986).

The intent of the debtor and his dependents in this case do not establish an entitlement to a homestead exemption by the debtor for his interest in the Property. The debtor did not reside in the Property on the date the bankruptcy was filed and expressly stated that he had no intent to return. The debtor's wife, although residing in the property with the debtor's three dependent children on the bankruptcy filing date, exhibited an intent to vacate the premises permanently very soon after the filing. Three months prior to the bankruptcy filing, the Property was listed for sale by the debtor's spouse. Further, soon after the filing, a contract was executed to sell the Property and the Property was conveyed on September 30, 1988. Finally,

no intent existed to use the sale proceeds to purchase another residence.

The Court finds that in the narrow circumstance where a debtor or his dependents state or exhibit an intention to permanently vacate the residence asserted as a homestead exemption soon after a bankruptcy filing, without intent to reinvest the proceeds of sale of that residence in other property to be used as a residence, the debtor's interest may not be claimed as exempt from the interest of the trustee in bankruptcy under the provisions of Ohio Revised Code § 2329.66(A)(1). Allowance of such a claim of exemption would be inconsistent with the purpose of a homestead exemption under Ohio law. Accordingly, the Trustee's objection to the debtor's claim of a homestead exemption for the Property is sustained.

IT IS SO ORDERED.