**In re Anthony E. MILLER and Mary Jo Miller, Debtors.**

**Bankruptcy No. 92–34098.**

United States Bankruptcy Court, N.D. Ohio, W.D.

June 10, 1993.

Diane French, Lima, OH, for trustee.

Martin Burchfield, Van Wert, OH, for Anthony Miller.

## OPINION AND ORDER DISMISSING TRUSTEE'S OBJECTION TO EXEMPTION

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the Court on Motions by Anthony Miller ("Debtor") and Trustee Bruce French ("Trustee") for summary judgment on the issue of whether Debtor may claim an exemption under Ohio Rev.Code § 2329.66(A)(1) in property in which his dependents reside. This Court finds that Debtor is entitled to a $5,000 exemption in property where his dependents reside under Ohio Rev.Code § 2329.-66.

### FACTS

Debtor and his wife Mary Jo Miller ("MJM") filed a joint petition in bankruptcy on November 23, 1992. The Debtor and MJM are separated at the present time. MJM lived at 1002 Parkway Drive, St. Marys, Ohio (the "Residence") with the Debtor's children ("Children") at the time the petition was filed. The Children are dependents of the Debtor. MJM presently lives with the Children at the Residence. Debtor lived at 104 Lynn Street in Van Wert, Ohio at the time the petition was filed. Debtor currently resides at this same address. Debtor does not plan to live at the Residence in the future. Debtor and MJM are joint owners of the Residence. The Residence is currently valued at $40,-000 and is encumbered by a mortgage in the amount of $29,515. The Debtor and MJM have claimed exemptions of $5,000 each on schedule C of their bankruptcy petition for their respective interests in the Residence. The sole issue presented to the Court is whether Debtor is entitled to an exemption under Ohio Rev.Code § 2329.-

66(A)(1) in property where his dependents reside.

### DISCUSSION

**APPLICABLE STATUTES:**

Ohio Rev.Code § 2329.66(A) provides that:
  Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:
  (1) The person's interest, not to exceed five thousand dollars, in one parcel or item of real or personal property that the person or a dependent of the person uses as a residence[.]

Ohio Rev.Code § 2329.66(A)(1).

Ohio Rev.Code § 1.47 provides that:
  In enacting a statute, it is presumed that:
  ... (B) The entire statute is intended to be effective[.]

Ohio Rev.Code § 1.47(B).

■ This Court finds that Debtor is entitled to a $5,000 exemption for his interest in the Residence under § 2329.66 of the Ohio Revised Code.

Though there are no cases construing this statute which address the issue of whether a debtor can claim an exemption in property which is occupied by the debtor's dependents, Ohio Rev.Code § 2329.66 should be construed to provide an exemption for Debtor in real property that "a dependent of [the Debtor] uses as a residence". Ohio Rev.Code § 2329.66; *See also Van Dyne Crotty Co. v. Limbach*, 53 Ohio St.3d 3, 558 N.E.2d 44, 47 (1990) (noting that Ohio Rev.Code § 1.47(B) requires that a court "give[ ] effect to all the words in [a] statute"). To construe § 2329.66 in the manner that the Trustee urges would render the words "or a dependent of the person uses as a residence" superfluous in violation of the dictates of ORC § 1.47(B). Additionally, the court in *In re Garland* noted in dicta that "[t]he statute, on its face allows for a homestead exemption, not only if the debtor resides in the residence in question, *but also if any of his dependents reside in the property for which the exemption is asserted." In re Garland*, 98 B.R. 767, 768 (Bankr.S.D.Ohio 1989) (emphasis added). Therefore, this Court be-

lieves that Ohio Rev.Code § 2329.66 should be construed to provide an exemption for a debtor in property where the debtor's dependents reside.

Further, such a construction is in keeping with the Ohio Supreme Court's view that statutes providing a homestead exemption " 'originated in a salutory and humane policy, and that they should receive such construction as will accord with the beneficent object of their enactment' ". *In re Cottingim,* 7 B.R. 56, 58 (Bankr. S.D.Ohio 1980) (quoting *Gibson v. Mundell,* 29 Ohio St. 523, 529 (1876)); *See also In re Cope,* 80 B.R. 426, 427 (Bankr. N.D.Ohio 1987) (observing that "[i]n interpreting the Ohio exemption statutes, courts have held that there should be a general rule of liberality").

■ Though there are cases which examine the intent of the debtor or the debtor's dependents to remain in the homestead property, these cases are inapplicable where the claimed homestead property has never been abandoned. *In re Cope,* 80 B.R. at 426; *See also In re Garland,* 98 B.R. at 767 (denying a debtor's claimed homestead exemption in property in which debtor's dependents allegedly resided where debtor's spouse listed the property for sale at the time the petition was filed, sold the property less than three months after the petition was filed, did not use the sale proceeds to purchase another residence and had vacated to parts unknown); *In re Pagan,* 66 B.R. 196 (Bankr.N.D.Ohio 1986) (requiring that party claiming exemption in residence that he occupied at date of bankruptcy filing have "the intent to make the premises a more permanent home than for just long enough to file a petition and claim the exemption"). The Children lived in the Residence at the time the petition was filed. The Children also live in the Residence at the present time. This is sufficient to satisfy the requirements of Ohio Rev.Code § 2329.66. This Court agrees with the court in *In re Cope* which held that "when residence has been established, it continues until the property is abandoned". *In re Cope,* 80 B.R. at 428. Since the Residence has never been aban-

doned by the Children, this Court holds that Anthony Miller is entitled to a homestead exemption under Ohio Rev.Code § 2329.66 in the Residence.

In light of the foregoing, it is hereby

ORDERED that Trustee Bruce French's objection to Debtor Anthony Miller's claim of an exemption pursuant to Ohio Revised Code § 2329.66(A)(1) is hereby dismissed.